IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE COLLINS, Ph. D.,
LORETTA DeLONG, Ed. D.,
SANDRA A. GARCIA, LUCILLE
GALLEGOS-JARAMILLO, Ph. D.,
JEANELLE S. LIVINGSTON,
MARIA CHAVEZ-MEDINA, ROSE
M. MARTINEZ, MARY ANN
McCANN, ELIZABETH A.
TRUJILLO, NADINE M. VIGIL,
and ESTHER C. WINTER,

   Plaintiffs,

v.              No. CIV 10-407 JCH/LFG

TAOS BOARD OF EDUCATION,
TAOS MUNICIPAL SCHOOL
DISTRICT, ARSENIO CORDOVA,
LORRAINE COCA-RUIZ,
STELLA GALLEGOS, ROBERTO J.
GONZALES, PETER BASTON, and
IDEAS BUSINESS TECHNOLOGY
INTEGRATION, LLC,

   Defendants.

## MEMORANDUM OPINION AND ORDER

  THIS MATTER comes before the Court *sua sponte*. The Court concludes that it lacks jurisdiction over Count V of Plaintiffs' Complaint, because Plaintiffs have not sufficiently alleged that the actions taken by Defendant Cordova that form the basis of that count were performed under color of law. Count V is therefore dismissed.

## BACKGROUND

  The Plaintiffs in this complex case are all either current or former employees of Defendant Taos Municipal Schools, most of whom served as administrators for the Taos

Municipal Schools in various capacities. The majority of claims in this case concern employment actions that Plaintiffs contend Defendants took against them, allegedly in retaliation for their filing earlier charges of employment discrimination with the Equal Employment Opportunity Commission. These claims are not at issue in the instant motion. Instead, this motion is limited to a claim that may have had its genesis in the same venomous atmosphere that spawned the rest of this litigation, but that arises from a discrete set of facts.

Count V of this federal lawsuit arises from Defendant Cordova's filing of a state court case, *Arsenio Cordova v. Jill Cline, et al.*, New Mexico Eighth Judicial District Court Cause No. D-820-CV-02009-447 ("the state court case"). On June 1, 2009, a group called Citizens for Quality Education ("CQE") filed with the state court a petition seeking to recall Defendant Cordova from his position as a member of the Taos Board of Education. *See* Order Granting Defendants' Motions to Dismiss in the state court case, attached as Ex. A to Deft. Mot. [Doc. 139] ¶ 1. Six of the Plaintiffs in this action (Catherine Collins, Loretta DeLong, Jeanelle Livingston, Rose Martinez, Elizabeth Trujillo, and Esther Winter) filed affidavits in support of CQE's recall petition. *Id.* ¶ 7. On September 18, 2009, Defendant Cordova filed the state court case against those individuals who filed affidavits in support of CQE's recall petition, alleging Malicious Abuse of Process, Civil Conspiracy, and Prima Facie Tort. *Id.* ¶ 11. Count V of the instant suit claims that, by filing a frivolous suit against those who signed affidavits in support of his recall, Defendant Cordova sought to retaliate against Plaintiffs and to interfere with their First Amendment rights to associate and to petition the government, thereby entitling them to compensatory and punitive damages. *See* Amended Complaint [Doc. 106] ¶¶ 25, 325-332.

The state court judge granted a motion to dismiss Mr. Cordova's suit, finding that "Defendants' speech and conduct occurred in connection with public meetings and a public

hearing and were in support of the political process of school board member recall; thus invoking the substantive protections of the First Amendment and the procedural and remedial provisions of the SLAPP statutes." Order Granting Defendants' Motions to Dismiss in the state court case, attached as Ex. A to Defendant's Motion to Dismiss Count V [Doc. 139] ¶ 24.  In addition to dismissing Defendant Cordova's complaint, the state court judge also awarded attorney's fees and costs to each defendant. *Id*. ¶ 25.  Defendant Cordova then filed a motion appealing this ruling. *See Motion for Certification for Interlocutory Appeal or in the Alternative for a Partial Final Judgment*, attached as Ex. B to Deft. Mot. [Doc. 139].  The state court case is still pending appeal before the New Mexico Court of Appeals.

Defendant Cordova filed a Motion to Dismiss Count V, in which he argues that, because his state claim that spurred Plaintiffs' First Amendment claim in this Court is still ongoing in state court, the Court should abstain from hearing Plaintiffs' claim pursuant to the federalism principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.  Plaintiffs contend that the *Younger* abstention doctrine should not apply to this case because their First Amendment claim is not seeking to relitigate or interfere with an ongoing state proceeding.

While addressing Defendant's motion, the Court became concerned about a fundamental issue not addressed in the parties' briefing, namely whether Plaintiffs' Amended Complaint fairly attributes Defendant Cordova's actions to the state, such that his action in filing suit may properly be characterized as having been done under color of law.  The Court raised this issue *sua sponte* because the requirement that a defendant act "under color of state law" is "a jurisdictional requisite for a 1983 action." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (quoting *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)).  Under Fed. R. Civ. P. 12(h)(3), a court must dismiss a claim if it determines, at any time, that it lacks subject matter jurisdiction.

3

Raising a jurisdictional issue *sua sponte* is proper because "[a] federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). The Court therefore issued an Order seeking briefing on this issue. *See* Doc. 220. Both parties submitted responses. *See* Docs. 222, 223.

## DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must show not only that she was deprived of a right "secured by the Constitution or laws of the United States," but also that the deprivation was committed by someone acting "under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). It is well established that a First Amendment claim requires state action because "the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976). In order to find that Defendant Cordova acted "under color of state law" in filing his suit in state court, such that he may be held personally liable under § 1983, the Court must be able to find that his actions may "be fairly attributed to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). This is because "private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Jojola*, 55 F.3d at 492. The purpose of § 1983 is not to strip a state agent of his rights to act as a private citizen, but "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

An official acts "under color of state law" for § 1983 purposes when that official

exercises a power "possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1982). Thus, to sufficiently allege a § 1983 claim, Plaintiffs must show that Defendant Cordova's conduct in individually filing his state court suit "overcome[s] the barrier differentiating purely private conduct from conduct attributable to" the Taos Board of Education. *Jojola*, 55 F.3d at 494. In order to overcome this barrier, Plaintiffs must sufficiently allege "'a real nexus' between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant." *Id.* at 493 (citation omitted).

Plaintiffs allege that Defendant Cordova's suit, "although filed in his individual capacity was in effect an action by the [School] Board against Plaintiffs," Doc. 106 ¶ 25, and Defendant Cordova's "action in filing the lawsuit was because of his position as an elected member of the Taos School Board and thus constitute [sic] government action." *Id.* ¶ 330. These are the sorts of conclusory allegations and assertions devoid of factual enhancement that are not entitled to the assumption of truth for purposes of assessing the sufficiency of a pleading. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). When given the opportunity to explain, through further briefing, how Defendant Cordova's individual suit is properly attributable to the State, Plaintiffs largely paraphrased their pleadings and assumed the very fact they are trying to prove. *See* Plaintiffs' Response to Court's Order for Supplemental Briefing [Doc. 223] at 2-3 ("the Board was not a named party in Cordova's lawsuit, but Plaintiffs allege that the Board is equally responsible for Cordova's actions because his actions were in effect an action by the Board....Cordova's suit arose out of his activities as a Taos School Board Member...[and] Cordova is a public servant or official and those allegations therefore show with the requirements of notice pleading that Cordova acted under color of law so that Cordova would be

5

liable as a public official.").

Plaintiffs contend that, because Defendant Cordova's suit mentioned that he was a Board member attempting to make changes in the schools and Plaintiffs' actions against him interfered with his role as a Board member and were an attempt to prevent the Board majority from implementing changes, his suit against them is therefore attributable to the Board. However, the prayer for relief in Defendant Cordova's suit spoke only of the individual damage allegedly suffered by Mr. Cordova. *See* State Court Complaint, attached as Ex. 1 to Doc. 223, ¶¶ 29, 41, 45, 50. *See also id*. ¶¶ 48-49 ("The filing of the recall petition was done with the intent to injure Mr. Cordova and was without sufficient economic or social justification and done with an improper, evil and malicious intent. The filing of improper affidavits, with attachments[,] was done to publicize rumor, innuendo and gossip, with the intent of harassing, embarrassing and humiliating Mr. Cordova.").

Plaintiffs cite the case of *Beedle v. Wilson*, 422 F.3d 1059 (10th Cir. 2005), which they claim is "very similar to the one at bar." Doc. 223 at 2. In *Beedle*, a plaintiff filed a § 1983 action alleging violation of his First Amendment rights against a county hospital that had brought a libel suit against him, and against several hospital employees that were allegedly responsible for filing the suit on behalf of the hospital. *See Beedle*, 422 F.3d at 1063-64. The Tenth Circuit found that the plaintiff had sufficiently alleged that the hospital's Chief Operating Officer and Chief Executive Officer acted under color of law in filing the allegedly malicious libel action. *Id*. at 1067-68. However, *Beedle* adds nothing to the analysis of this case, because the suit in question was filed in the name of the governmental entity, and the persons responsible for filing the suit did so in their capacity as policy makers for the hospital, not on their own behalf .

In contrast, not only was the state court suit at issue in this case not filed on behalf of a governmental entity, but Plaintiffs' Complaint is devoid of any factual allegations regarding the Board's role in the suit that Defendant Cordova brought against the people he accused of maliciously targeting him as an individual.  Simply put, Defendant Cordova's position on the Board does not automatically turn his suit into an action by the Board, even though his suit is related to criticism he faced as an official.  *See, e.g., Colombo v. O'Connell*, 310 F.3d 115 (2d Cir. 2002) (school Superintendent who threatened libel suit against critic that sought to have him recalled was not liable for First Amendment violation in part because plaintiff did not sufficiently allege that he acted under color of state law and because superintendent's right to sue as an individual is protected).

The Board was not a named party to the lawsuit, the suit alleged only harm to Defendant Cordova as an individual, no other Board member joined the suit, and there is no indication that the Board financed the litigation.  Indeed, one of the defendants in the state court suit was Thomas Tafoya, who was actually a member of the Board at the time of the suit.  *See* State Court Complaint ¶ 7.  Plaintiffs have not explained how an action by one Board member against, among others, another Board member can properly be attributed to the Board as a whole. Plaintiffs have failed to allege facts showing the manner in which, by filing suit as an individual, Defendant Cordova was exercising a power "possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1982).  As such, they have not shown that Defendant Cordova's actions are fairly attributable to the State, and have not sufficiently alleged a § 1983 claim.  The Court will, therefore, dismiss Count V of Plaintiffs' Complaint.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Count V of Plaintiffs' Amended Complaint is dismissed for lack of subject matter jurisdiction.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE