IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE COLLINS, Ph.D.,
LORETTA DeLONG, Ed. D.,
SANDRA A. GARCIA, LUCILLE
GALLEGOS-JARAMILLO, Ph.D.,
JEANELLE S. LIVINGSTON,
MARIA CHAVEZ-MEDINA, ROSE
M. MARTINEZ, MARY ANN
McCANN, ELIZABETH A.
TRUJILLO, NADINE M. VIGIL,
and ESTHER C. WINTER,

        Plaintiffs,

v.                                               No. CIV. 10-407 JCH-LFG

TAOS BOARD OF EDUCATION,
TAOS MUNICIPAL SCHOOL
DISTRICT; ARSENIO CORDOVA;
LORRAINE COCA-RUIZ;
STELLA GALLEGOS; ROBERTO J.
GONZALES; PETER BASTON; and
IDEAS BUSINESS TECHNOLOGY
INTEGRATION, LLC,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Taos Board of Education, Taos Municipal School District's ("Taos Schools'" or "the District's"), Arsenio Cordova's, Lorraine Coca-Ruiz', Stella Gallegos', and Roberto J. Gonzales' (collectively, "the School Defendants'") *Consolidated Motion and Memorandum for Summary Judgment and Qualified Immunity on Complaint by Elizabeth Trujillo* (Doc. 187). Elizabeth Trujillo, one of eleven Plaintiffs in the underlying suit, accuses the School Defendants of (I) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2005e-5(f), et seq., and (II) the New Mexico Human Rights Act, 28-1-1 N.M.S.A. (1996); (III) breach of contract; (IV) breach of the covenant of

good faith and fair dealing; and (V) procedural due process violations under the Fourteenth Amendment and 42 U.S.C. § 1983.  The Court having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that the School Defendants' motion should be **GRANTED.**

## FACTUAL BACKGROUND

Many of the "facts" asserted by the parties are conclusory allegations; summaries of the opposing party's contentions; are not later offered in support of that party's claims or defenses; or are not supported by correct citations to the record.  The Court considers only those facts which are plainly relevant to the determination of whether a genuine dispute exists as to the claims in issue.

### Trujillo Enters Into Two-Year Contract with the District

At the time the events in issue commenced, Plaintiff Elizabeth Trujillo was the longtime Personnel Director for Taos Schools in Taos, NM.  In early 2009, Trujillo entered into a two-year contract applicable to continue with the District for the 2009-2011 school-year period.  The contract, which reportedly applied to "certified school administrators," was executed on behalf of the District by then-Superintendent Loretta DeLong.  The contract is not in the record.

### Trujillo's First EEOC Complaint, Which Did Not Result in a Lawsuit

On May 24, 2009, Trujillo filed a complaint against Taos Schools with the Equal Employment Opportunity Commission ("EEOC"), accusing Taos Schools board members Arsenio Cordova and Lorraine Coca-Ruiz and DeLong's successor, Interim Superintendent Roberto Gonzales, of discrimination on the basis of sex, national origin, and retaliation.  The narrative portion of the EEOC charge specifically identified 14 incidents of allegedly

2

discriminatory conduct.

On October 9, 2009, the EEOC issued a Dismissal and Notice of Rights letter to Trujillo regarding her complaint. It is undisputed that Trujillo did not exercise her right to sue within 90 days of receipt of the letter.

**Trujillo's Two-Year Contract is Rescinded and Not Replaced**

On June 17, 2009, Gonzales issued a letter to Trujillo informing her that the two-year contract issued to her by DeLong for the contract period beginning in the upcoming 2009-2010 school year was "hereby deemed invalid." (Doc. 187 Ex. 3). Gonzales' proffered reason for rescinding the contract was that, under New Mexico law, only certified administrators and (at the discretion of the school board) certified school instructors were entitled to work under multi-year contracts. *Id.,* citing NMSA §§ 22-10a-21b(4)-(5). Gonzales further informed Trujillo that her invalid contract would not be replaced with a valid one-year contract, as he had declined to renew her contract:

> [A]dministrators and non-certified school employees employed to perform primarily district wide management functions have no tenure rights and have no legitimate expectation of reemployment beyond the terms of his or her valid employment contract [sic]. The legislature purposefully excluded school administrators and non-certified employees [who are] district-wide managers from the protections afforded certified school instructors. Therefore, the procedural due process rights and other rights provided to other school employees by the New Mexico School Personnel Act do not apply to administrators and non-certified school employees employed to perform primarily district-wide management functions.
>
> As the contract issued to you by Dr. DeLong is void, I have decided not to renew your employment with the Taos Schools for the 2009-2010 school year. Thus, your employment contract for the 2008-09 school year will expire by its terms on June 30, 2009.

*Id.* (citations omitted). Gonzales' letter did not provide Trujillo with a specific reason for his decision to not renew her contract.

3

Trujillo does not specifically dispute that she is neither a certified school administrator nor a certified school instructor.

## LEGAL STANDARD

**<u>Summary Judgment</u>**

Rule 56(c) of the Federal Rules of Civil Procedure requires that summary judgment be rendered "where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 725 (10th Cir. 2006); *see also* Fed. R Civ. P. 56(c)(2).  The moving party bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation and marks omitted).  Once this burden has been met, "the burden shifts to the nonmoving party to show that there is a genuine issue of material fact.  The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." *Id.  See also Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir. 1993).  It is not enough for the nonmoving party to "rest on mere allegations or denials of his pleadings" to avoid summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also West v. New Mexico Taxation and Rev. Dept*., No. Civ. 09-0631, U.S. Dist. LEXIS 131626, at *42 (D.N.M., Oct. 31, 2010) ("[n]or can a party avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation") (internal quotation and marks omitted). In reviewing a motion for summary judgment, the court must "examine the factual record and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1184 (10th Cir.

2010).  Its function at this stage is "not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 243.

**<u>Qualified Immunity</u>**

Because a successful qualified immunity defense "generally shields from liability for civil damages government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," special standards apply to the assessment of a summary judgment motion raising this defense. *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quotation omitted); *see also Hinton v. City of Elwood*, 997 F. 2d 774, 779 (10th Cir. 1993).

In analyzing a qualified immunity defense, this Court undertakes a three-part inquiry.  First, the Court must determine whether the plaintiff's allegations, if true, establish a violation of the plaintiff's constitutional rights.  *Gomes,* 451 F.3d at 1134.  Second, if the allegations meet that standard and the analysis continues, the Court must determine "whether the law was clearly established at the time the alleged violations occurred."  *Roska v. Peterson,* 328 F.3d 1230, 1247 (10th Cir. 2003). A law is deemed clearly established "if a reasonable official in the defendant's circumstances would understand that her conduct violated the plaintiff's constitutional right." *Gomes*, 451 F.3d at 1134.  The Tenth Circuit has provided the additional guidance that, under ordinary circumstances, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains," *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 516 (10th Cir. 1998), in order for a plaintiff to demonstrate that the law was clearly established.  However, in applying the first two prongs of the qualified immunity analysis, "[t]he judges of the district courts . . . [are] permitted to exercise their sound discretion in deciding which of the two prongs . . . should

be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

Finally, if the plaintiff shows that the law is clearly established, the third and final part of the inquiry requires the Court to consider whether, "extraordinary circumstances – such as reliance on the advice of counsel or on a statute – so prevented the official from knowing that her actions were unconstitutional that she should not be imputed with knowledge of a clearly established right." *Gomes*, 451 F.3d at 1134 (internal quotation and marks omitted).

## DISCUSSION

### I. Trujillo's Retaliation Claim Under Title VII

With respect to Trujillo's claim that the School Defendants retaliated against her for filing an EEOC complaint in violation of Title VII, the School Defendants argue that summary judgment should be granted to them because (1) Trujillo waived her right to file a federal suit based on the incidents set forth in her EEOC action and failed to exhaust her administrative remedies with respect to any incidents that occurred after her EEOC claim was filed; and (2) the incidents that form the basis of her claim do not constitute adverse employment actions within the meaning of Title VII retaliation law.

"[E]xhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court." *Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993) (quotation omitted). In order to show that she exhausted her administrative remedies, a federal plaintiff must establish that she brought "a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice." *Castaldo v. Denver Public Sch.*, 276 Fed. Appx. 839, 841 (10th Cir. 2008); *see also* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. 12117(a). In addition,

she must show that she received notice of her right to sue from the EEOC. See 42 U.S.C. §§ 2000e-5(b), (c), (e), (f)(1). Upon receipt of her "right to sue" letter, the claimant then has 90 days to file suit in federal court. *Gerald v. Locksley*, 2011 U.S. Dist. LEXIS 119688, at *48 (D.N.M., Aug. 1, 2011); *see also* 42 U.S.C. §§ 2000e-5(f)(1). The Court must "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Denetclaw v. Thoutt Bros. Concrete Contrs.*, 287 Fed. Appx. 17, 21 (10th Cir. 2008). However, a "plaintiff normally may not bring a retaliation lawsuit based upon claim that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

As set forth above, it is undisputed that Trujillo failed to exercise her right to bring a lawsuit within 90 days of receiving a "right to sue" letter from the EEOC in October 2009. Consequently, the Court finds that she may not rely on any of the allegedly unlawful employment practices set forth in her May 2009 EEOC complaint in the instant action. *See* Doc. 204 at 5 (Trujillo acknowledging that "actions occurring prior to the filing of the [EEOC] complaint cannot be considered retaliatory.").

Moreover, there is no evidence in the record that Trujillo ever filed a second EEOC action describing actions allegedly undertaken by the School Defendants in retaliation for her initial EEOC filing as many of her Co-Plaintiffs did. Rather, Trujillo's response argues only that the School Defendants' "primary act of retaliation is the termination (non-renewal) of employment,"[1] while wholly ignoring the School Defendants' argument that she has failed to

---

[1] While this statement appears to suggest that Trujillo means to argue that Superintendent Gonzales retaliated against her by failing to renew her 2008-2009 employment contract when it expired on the eve of the 2009-2010 school year, she then proceeds to argue only that the

exhaust her administrative remedies with respect to either the recission of her two-year contract or the District's subsequent decision not to renew her existing contract when it expired. *Id.* Accordingly, because the law is clear that the exhaustion requirement is applicable to "discrete claims based on incidents occurring after the filing of a plaintiff's EEOC complaint," the Court finds that the School Defendants are entitled to summary judgment on Trujillo's Title VII claim. *See Martinez v. Potter,* 347 F.3d 1208, 1210-11 (10th Cir. 2003).

## II. Trujillo's Retaliation Claim Under the NM Human Rights Act

The requirements for establishing retaliation under the New Mexico Human Rights Act, NMSA § 28-1-7, ("NMHRA"), are "actually identical" to the requirements set forth by Title VII. *See, e.g., Gioia v. Pinkerton's Inc.,* 194 F.Supp.2d 1207, 1220 (D.N.M. 2002). Thus, the Court finds that the District is entitled to summary judgment on Trujillo's claim under the NMHRA that it retaliated against her by rescinding her contract.

## III. Breach of Contract

Trujillo's claim for breach of contract is premised on the argument that the two-year contract she signed with then-Superintendent DeLong in February 2009 was valid, and thus was breached by its recission. Trujillo does not specify which of the School Defendants she alleges breached her contract. Indeed, her only attempt to withstand summary judgment on her contract claim is through the following conclusory statement:

Plaintiff has previously set out the law as she views it in regard to the validity of

---

*recission* of her two-year contract was an act of retaliation against her. In any event, both the recission of Trujillo's two-year contract and the decision not to renew her existing contract both came well after her sole EEOC filing and thus cannot form the basis for a retaliation claim here.

>the two[-]year contract.  Its breach and repudiation by Defendant[s] was not
>justified without an opportunity for a hearing.  Defendant cannot rely upon advice
>of an attorney to justify termination of a contract.

(Doc. 204 at 16).

As set forth above, the District's proffered reason for rescinding Trujillo's contract was that only certified administrators were entitled to work under multi-year contracts.  *See* New Mexico School Personnel Act ("the Personnel Act"), NMSA (2006) § 22-10A-21(B)(4) (providing that "[a]ll employment contracts between local school boards and certified school personnel . . . shall be for a period of one school year," with few exceptions, including, *inter alia,* that "contracts not to exceed three years are permitted for certified school administrators in public schools who are engaged in administrative functions for more than one-half of their employment time").  Trujillo does not argue, let alone attempt to demonstrate, that she fits into one of these two categories.  Thus, because the contract was invalid as applied to Trujillo, the decision to rescind it was not a breach.

## IV.  Breach of the Covenant of Good Faith and Fair Dealing

"Under New Mexico law, 'every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract.'" *Mt. Highlands, LLC v. Hendricks*, 616 F.3d 1167, 1171 (10th Cir. 2010), quoting *Sanders v. FedEx Ground Package Sys., Inc.*, 144 N.M. 449, 452 (N.M. 2008); *see also Henning v. Rounds,* 142 N.M. 803, 808-809 (N.M. App. 2007) ("The covenant prevents a party from acting in bad faith to frustrate the contract's *actual* benefits.") (quotation omitted) (emphasis in the original).

The nature of Trujillo's breach-of-covenant claim is unclear.  In support of their motion, the School Defendants assert that they should be granted summary judgment because Trujillo

9

cannot show she lost any benefit to which she was contractually entitled.  Specifically, the School Defendants contend that they fully met their "obligation of paying [Trujillo] through the end of her contract," which simply expired and was not renewed.  (Doc. 235 at 10).

In her response, Trujillo does not dispute that she cannot show that she was deprived of any of the benefits of her contract.  Rather, she simply states in conclusory fashion that the School Defendants' "actions were designed to cheat [her] our of her contractual rights and hence a violation of the covenant of good faith and fair dealings," without any additional explanation.  (Doc. 204 at 16).  The remainder of her argument is devoted to reproducing sizable excerpts from two New Mexico cases in support of the principle that, in this State, a claim for violation of the covenant of good faith and fear dealing is "valid in the public employment context if the employee was not at will," without any discussion of how the underlying facts of this case support a breach-of-covenant claim.  (Doc. 204 at 16-18, quoting *Henning,* 142 N.M. at 808-809, and *Planning and Design Solutions v. City of Santa Fe*, 118 N.M. 707 (N.M. 1994)).

The Court finds that summary judgment should be granted to the School Defendants on this claim.  There does not appear to be any evidence in the record that the implied covenant was breached; indeed, Trujillo has not even articulated a coherent theory of *how* the covenant was breached.  Accordingly, the Court concludes that there is no genuine issue for trial as to Trujillo's claim for breach of the implied covenant of good faith and fair dealing.

## V.  Trujillo's Procedural Due Process Claim under 42 U.S.C. § 1983

Finally, Trujillo claims that the School Defendants violated her Fourteenth Amendment procedural due process rights.  Procedural due process is a guarantee that the state will not

deprive individuals of a protected liberty or property interest without the benefit of procedures such as notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). There are two elements of a Section 1983 claim for deprivation of procedural due process. The plaintiff must establish that "(1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide due process of law." *See Chambers ex rel. Chambers v. School Dist. of Philadelphia Bd of Educ.*, 587 F.3d 176, 194 (3d Cir. 2009). Here, Trujillo contends that the School Defendants deprived her of (A.) her property interest in a two-year employment contract, when they rescinded the two-year contract she signed with DeLong; and (B.) her liberty interest in her good name and reputation, when they "terminated" her – i.e., failed to renew her employment contract when it expired.[2] (Doc. 204 at 10).

**A. Trujillo Did Not Have a Property Interest in an Invalid Two-Year Contract**

As discussed at length, *supra*, there is no evidence in the record that Superintendent Gonzales erred in rescinding Trujillo's two-year contract, when it is undisputed that she lacked the certification required to enter into a contract for that duration of time. *See Hulen v. Yates,* 322 F.3d 1229, 1240 (10th Cir. 2003) ("[C]onstitutionally protected property interests are created and defined by statute, ordinance, **contract**, implied contract and rules and

---

[2]The individual School Defendants – Cordova, Coca-Ruiz, Gallegos, and Gonzales – contend that they are entitled to qualified immunity on both aspects of the instant claim, while Taos Schools contends that Trujillo cannot show that it is liable under § 1983 for the alleged actions of its employees. The Court finds that there is no evidence in the record tending to show that Trujillo's procedural due process rights were violated, regardless of which party bears the burden of proof. *See Webb v. Padilla*, 2009 U.S. Dist. LEXIS 101489, at *51 (D.N.M. Sept. 30, 2009) ("In contrast to a typical motion for summary judgment, which places the burden on the moving party, when a defense of qualified immunity is raised, the plaintiff bears the burden of establishing both that (1) 'the facts taken in the light most favorable to the plaintiff show that the defendant's conduct violated a constitutional right' and (2) 'the right violated was clearly established.'").

understandings developed by state officials") (per curiam) (emphasis added).  Thus, the School Defendants are entitled to summary judgment on this aspect of Trujillo's due process claim.

**B.  There is No Evidence That Trujillo's Liberty Interest in Her Reputation Was Violated**

"An employee has a liberty interest in his good name and reputation as it affects his protected property interest in continued employment."  *Sanchez v. Dubois*, 291 Fed. Appx. 187, 191 (10th Cir. 2008) (quotation omitted); *see also Melton v. City of Okla. City*, 928 F.2d 920, 927 (10th Cir. 1991) (public employee has a claim for relief when he is terminated "based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities").  For a public employer's statement to be actionable as a violation of a plaintiff's liberty interest, the following elements must be met:

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee.  Second, the statements must be false.  Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities.  And fourth, the statements must be published.  These elements are not disjunctive, all must be satisfied to demonstrate deprivation of the liberty interest.

*Workman v. Jordan,* 32 F.3d 475, 481 (10th Cir. 1994) (citations omitted).

Once again, the nature of Trujillo's claim is unclear.  In support of their motion, the School Defendants assert that they should be granted summary judgment because Trujillo has not proffered a statement that stigmatized her.  Trujillo responds only that her liberty interest was violated "at the time of her termination by the false statements made about her in regard to backdating a public document which were published on the School's website without benefit of a rebuttal."  (Doc. 204 at 10).  In her only follow-up statement supporting her position, she suggests that the false statements to which she refers were made in "the IDEAS report."  *Id.* ("The fact that Plaintiff was allowed to explain the IDEAS report on the website does not

12

constitute a name[-]clearing hearing before a neutral magistrate."). This is an apparent reference to Peter Baston and IDEAS Business Technology Integration, LLC ("the IDEAS Defendants"), two Co-Defendants in this case, who were hired by the District to perform an internal quality-assurance audit in 2009 and eventually produced multiple reports setting forth their findings.[3] Trujillo's brief on the instant motion does not assert any facts involving the IDEAS reports, cite to the report and section of that report that allegedly impugned her good name; attempt to show that the statement was false; or even offer evidence that the report was published. Accordingly, the Court finds that the School Defendants should also be granted summary judgment on this additional aspect of Trujillo's procedural due process claim.

## C. Trujillo's Purported Conspiracy Claim

In the same section of their brief devoted to Trujillo's procedural due process claim, the School Defendants argue that summary judgment should be granted against her on her "related conspiracy claim." (Doc. 187 at 16). Trujillo does not set forth a separate cause of action alleging that the School Defendants engaged in a civil conspiracy against her, and the School Defendants note that she "does not specify whether she brings her conspiracy theory under New Mexico state law, federal law, or both." *Id.* It appears that this portion of the School Defendants' motion is based on the following language in the Amended Complaint:

> Defendants Arsenio Cordova, Lorraine Coca-Ruiz, Stella Gallegos, acting through and in conspiracy with Defendant Roberto J. Gonzales and Defendant Peter Baston conspired on behalf of Defendant [Taos] School[s] in violation of 42 U.S.C. § 1983 to violate Plaintiffs' due process rights and as such are liable for punitive damages.

(Doc. 106 Am. Cplt. ¶ 309). In her response, Trujillo clarifies her contention that

---

[3] The IDEAS Defendants are not parties to the instant motion, and have separately moved for summary judgment on the only claim still pending against them, for defamation.

13

Superintendent Gonzales conspired "to deny her due process and a name[-]clearing hearing in conspiracy with Baston and IDEAS." (Doc. 204 at 12). She asserts, in conclusory fashion, that

> The timing of [the School] Defendants' acts in hiring Baston and the nature of [the IDEAS Report] are sufficient to infer a conspiracy between Baston, IDEAS and Gonzales for the Defendant [Taos] School[s].

*Id.* Trujillo does not, however, set forth any specific evidence in support of what appears to be her theory that her due process rights were violated by the IDEAS Defendants' publication of several reports detailing their findings in the Spring and Summer of 2009. Neither does she identify a protected interest or explain what level of process she was due or how it was denied by the alleged conspiracy. Thus, because Trujillo has not set forth a triable claim for violation of her procedural due process rights, her related claim for conspiracy to commit a due process violation necessarily fails.

## CONCLUSION

Therefore, for the reasons set forth above, the Court finds that the School Defendants' *Consolidated Motion and Memorandum for Summary Judgment and Qualified Immunity on Complaint by Elizabeth Trujillo* (Doc. 187) is **GRANTED.**

_____
UNITED STATES DISTRICT COURT JUDGE

.